IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CLIFFORD KELLER )
 )
 v. ) NO. 3:10-0503
 )
GAYLE RAY, et al. )

**O R D E R**

Presently pending before the Court is an affidavit from the Plaintiff (Docket Entry No. 23), in which he states that process sent to Defendant Tony Eden at the Riverbend Maximum Security Institution was returned unexecuted because the defendant no longer works for the Tennessee Department of Correction ("TDOC"). See also Unexecuted Service Return (Docket Entry No. 12). The Plaintiff also avers that he has been unable to obtain from Defendants Gayle Ray or Ricky Bell another address for service of process upon Defendant Eden and has no other way of obtaining this information.

Under Federal Rule of Civil Procedure 4(c)(3), when a plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, the district court must direct that service be effected by a United States Marshal, Deputy United States Marshal, or other person or officer specifically appointed by the Court for that purpose. Although neither Rule 4 nor Section 1915 provides guidance for the Court's obligation, if any, when the initial attempt to serve process is not effectuated, the Sixth Circuit Court of Appeals addressed the issue in Fitts v. Sicker, 232 Fed. Appx. 436, 443-444, 2007 WL 419623 (6th Cir. Feb. 8, 2007), an unpublished decision in which a prison inmate requested an order from the court directing the Michigan Department of Corrections, which was not named as a defendant, to provide the address of a former prison employee. After reviewing

decisions from other courts which addressed the issue, the Sixth Circuit in Fitts held that it would have been permissible for the court to have directed the Michigan Department of Correction to provide the former employee's last known address. The Sixth Circuit, nonetheless, noted that there was no obligation on the district court to actively seek out the address of a defendant so that service can be effectuated.

Accordingly, the Tennessee Department of Correction and/or Defendant Gayle Ray shall file a notice with this Court of the last known address of Lt. Tony Eden, who was formerly employed at the Riverbend Maximum Security Institution. Such notice shall be filed under seal within fourteen (14) days of entry of this Order. Upon the filing of the sealed notice, the Clerk shall re-issue process to Tony Eden at the address listed in the notice and shall ensure that the service of process documents do not list the address of Defendant Eden.[1]

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] An alternative would be to allow the Plaintiff to issue a subpoena to TDOC pursuant to Rule 45 of the Federal Rules of Civil Procedure for documents reflecting Defendant Eden's last known address. That option could result in the Plaintiff's obtaining Defendant Eden's current home address. On the other hand, directing TDOC to file the information under seal protects the confidentiality of the information without the need for a motion by TDOC to quash or to file the information under seal in response to a subpoena.

2